UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH SCHWARTZ, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>WORLD SAVINGS BANK, et al.,<br><br>  Defendants. | CASE NO. C11-0631JLR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

This is an action for damages and to enjoin nonjudicial foreclosure proceedings against real property located in King County, Washington. (Compl. (Dkt. # 1-1).) Plaintiffs Kenneth L. Schwartz and Congetta M. Schwartz, *pro se*, brought suit against Defendants World Savings Bank and its successors and/or assigns, Wells Fargo Bank, N.A., and Wachovia Mortgage, F.S.B. (collectively, "World Savings Bank" or "the Bank") after Plaintiffs' property was set for sale at a foreclosure auction. (Compl. at 2.) Plaintiffs assert federal claims against the Bank for alleged violations of the Truth in

Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.* (*see* Compl. at 5-6), as well as state law claims for breach of contract, gross negligence, intentional violation of the duty of good faith and fair dealing, failing to adhere to notice requirements under Washington's Deed of Trust Act, RCW ch. 61.24, abuse of process and malicious prosecution, fraud and negligent misrepresentation, and conspiracy to commit fraud (*id.* at 3-5, 6-7). World Savings Bank removed the action to federal district court from the Superior Court for the State of Washington in King County and has now moved for summary judgment with respect to all of Plaintiffs' claims. (Mot. (Dkt. # 11).) Plaintiffs failed to file any response to the Bank's motion. (*See* Not. of Lack of Opp. (Dkt. # 19).) After careful consideration of the Bank's motion, the supporting evidence and documentation, and the applicable law, and court GRANTS the motion, and DISMISSES this matter with prejudice.[1]

## II. BACKGROUND

On November 11, 2006, Plaintiffs executed a deed of trust and an adjustable rate mortgage note in the principle amount of $270,000.00 to refinance real property located

---

[1] No party has requested oral argument. Federal Rule of Civil Procedure 56 does not require a hearing where the opposing party does not request it. *See, e.g.*, *Demarest v. U.S.*, 718 F.2d 964, 968 (9th Cir. 1983).

at 23807 SE 277th Place, Maple Valley, Washington. (Gissendanner Decl. (Dkt. # 12) Exs. A, B.)[2]

On Plaintiffs' loan application, the box labeled "Investment" is checked. (*Id.* Ex. C at 1.) By checking this box, Plaintiffs specifically acknowledged that the property was an investment property and not a "Primary Residence" or a "Secondary Residence." (*See id.*) Plaintiffs also acknowledged that they received $11,650.00 in monthly rental income (*id.* at 2) and indicated that they owned five properties that were described as "rental[s] being held for income," including three single family residences, a condominium, and a multiplex (*id.* at 3, 5). Plaintiffs signed their loan application on November 6, 2006, acknowledging and agreeing that all of the information contained in the application was true and correct. (*Id.* at 6.)

World Savings Bank approved Plaintiffs' loan application in November 2006. (*See id.* Ex. F (Final Closing Statement).) When Plaintiffs signed the loan documents, they received a number of disclosures including, among other things, a Good Faith Estimate. (*Id.* Ex. D.) On November 6, 2006, Plaintiff Kenneth Schwartz signed an acknowledgement that Plaintiffs received various loan disclosures required by TILA, RESPA, and the Office of Thrift Supervision ("OTS") regulations. (*Id.* Ex. E.)

Eventually, Plaintiffs "fell behind in [their] mortgage payments," and World Savings Bank instituted foreclosure proceedings. (*See* Compl. ¶¶ 15, 31, 37.) The trustee

---

[2] World Savings Bank subsequently changed its name to Wachovia Mortgage, F.S.B., and then later merged into and became a part of Wells Fargo Bank, N.A. (Gissendanner Decl. ¶ 4.)

ORDER- 3

under the Deed of Trust sent Plaintiffs notices of default and the trustee's sale. (Denn Decl. (Dkt. # 13); Ayers Decl. (Dkt. # 14).) Both notices were sent via certified mail to the contact addresses Plaintiffs provided to the Bank, to Plaintiffs' primary residence, and to several other addresses associated with Plaintiffs. (Denn Decl.; Ayers Decl.) The notices were also posted at the subject property on November 19, 2010 (notice of default) and January 14, 2011 (notice of trustee's sale). (1st Washington Decl. (Dkt. # 15); 2nd Washington Decl. (Dkt. # 16).) Plaintiffs filed their complaint in King County Superior Court on April 1, 2011, and the Bank removed the suit to federal district court on April 12, 2011. (Not. of Removal.)

## III.  ARGUMENT

### A. Standards for Summary Judgment

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).[3] The moving party bears the initial burden of

---

[3] The Bank describes its motion as one for dismissal under Federal Rule of Civil Procedure 12(b)(6), as well as for summary judgment under Rule 56. (Mot. at 5-6.) The court, however, properly views the motion as one for summary judgment under Rule 56 because the Bank has submitted evidentiary material outside of the pleadings in support of its motion. Because the Bank styled its motion as under both Rule 12(b)(6) and Rule 56, additional notice that the court may consider the motion as one for summary judgment is not necessary. *See Tanadgusix Corp. v. Huber*, 404 F.3d 1201, 1205 n.5 (9th Cir. 2005) (holding that where motion was styled as both a motion to dismiss under Rule 12(b)(6) and a motion for summary judgment under Rule 56, the district court properly considered materials outside the pleadings).

showing that there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323.

If the moving party meets his or her burden, then the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658. The non-moving party may do this by use of affidavits (or declarations), including his or her own, depositions, answers to interrogatories or requests for admissions. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007). Only disputes over the facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. As framed by the Supreme Court, the ultimate question on a summary judgment motion is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

**B. *Pro Se* Plaintiffs' Failure to Respond to Defendant's Motion**

Plaintiffs failed to file a response to the Bank's motion for summary judgment. Local Rule CR 7(b)(2) states in relevant part that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. CR 7(b)(2). Nevertheless, summarily granting summary judgment to the Bank would amount to an abuse of discretion given

the Ninth Circuit's view "that a non-moving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (citing Fed. R. Civ. P. 56). Thus, heeding the requirements of *Maritinez*, the court will analyze the Bank's motion for summary judgment on the merits.

At the same time, however, the court cannot entirely overlook Plaintiffs' non-compliance with the Federal Rules of Civil Procedure and this court's Local Rules. Where the Bank has met its burden of demonstrating an absence of a material factual issue for trial, the court cannot create one whole-cloth for Plaintiffs where they have failed to submit any countervailing evidence. The fact that Plaintiffs are appearing *pro se* does not alter the applicability of these general summary judgment rules. *See Semper v. JBC Legal Group*, No. C04-2240L, 2005 WL 2172377, at *1 (W.D. Wash. Sept. 6, 2005) ("Although the rule requires that the allegations of a pro se complaint be liberally construed when determining whether a viable claim has been asserted and that strict compliance with procedural/technical rules will not be expected of pro se litigants, it does not alter the summary judgment standard or otherwise give non-prisoner litigants multiple opportunities to present their evidence.") The summary judgment rules apply with equal force to *pro se* litigants because they "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1995) (noting that although the court construes pleadings liberally in their favor, "[p]ro se litigants must follow the same rules of procedure that govern other litigants"). In fact, in *Jacobsen v. Filler*, 790 F.2d 1362 (9th Cir. 1986), the Ninth Circuit rejected the argument that *pro se*

non-prisoner litigants are entitled to notice from the court concerning Rule 56 requirements. *Id.* at 1364. In doing so, the Ninth Circuit unequivocally stated that "pro se litigants in the ordinary civil cases should not be treated more favorably than parties with attorneys of record." *Id*. Accordingly, although Plaintiffs are appearing *pro se*, the court is obligated to hold them to the same standards as it would any other non-moving party on a motion for summary judgment.

**C. TILA and RESPA**

World Savings Bank asserts that Plaintiffs' claims under TILA and RESPA should be dismissed on summary judgment because these statutes do not apply to commercial transactions, and Plaintiffs indicated on their loan application that the property at issue is an investment property and not a residence. (Gissendanner Decl. Ex. C at 1.) Neither TILA nor RESPA apply to business loans. *Daniels v. SMCE Mortg. Bankers, Inc.*, 680 F. Supp. 2d 1126, 1129 (C.D. Cal. 2010). TILA applies to transactions in which "the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1602(h). In addition, TILA "does not apply to . . . [c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes." 15 U.S.C. § 1603(l). RESPA is identical in this regard, and also "does not apply to credit transactions involving extensions of credit . . . primarily for business, commercial, or agricultural purposes." 12 U.S.C. § 2606(a); *see also Galindo v. Financo Fin., Inc.*, No. C07-03991 WHA, 2008 WL 4452344, at *4 (N.D. Cal. Oct. 3, 2008) ("In evaluating whether a certain loan was primarily for business purposes under

RESPA, courts are to apply the same standards as are used under TILA.") (citing 12 U.S.C. § 2606(b)).

Here, the Bank has submitted evidence concerning the admission on Plaintiffs' loan application that their loan was for "[i]nvestment" purposes, rather than for a "[p]rimary residence" or "[s]econdary residence." (Gissendanner Decl. Ex. C at 1.) In addition, Plaintiffs acknowledged on their loan application that they own at least five other properties as "rental[s] being held for income," and derive $11,650.00 in monthly rental income. (*Id.* Ex. C at 2-3, 5.) Plaintiffs have submitted no testimony or other evidence to counter these material facts. Accordingly, the court grants the Bank's motion for summary judgment that Plaintiffs' claims under TILA and RESPA are precluded because the underlying property at issue is an investment property and TILA and RESPA do not apply to commercial transactions. *See, e.g.*, *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 417 (9th Cir. 2011) (holding that where mortgages were for "non-owner-occupied rental properties" such mortgages were business-purpose loans and "RESPA does not apply to them"); *Daniels*, 680 F. Supp. 2d at 1129-30 (concluding that TILA and RESPA did not apply because the loan was for business purposes where the loan application that was attached to the complaint indicated that the loan was for "investment" purposes and listed plaintiff's other rental properties and rental income).

**D.  Breach of Contract and Duty of Good Faith and Fair Dealing**

In Washington, a breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995)

(citing *Larson v. Union Inv. & Loan Co.*, 10 P.2d 557 (Wash. 1932)). Plaintiffs allege that the Bank breached the Deed of Trust by failing to provide acceleration, default, and foreclosure notices to Plaintiffs as provided under the Deed of Trust. (Compl. ¶¶ 17-21.) The Bank has submitted evidence in the form of declarations and exhibits that it timely provided Plaintiffs with the appropriate notices. (*See* Denn Decl.; Ayer Decl.; 1st Washington Decl.; 2nd Washington Decl.) Plaintiffs have provided no evidence in response concerning which provisions of the Deed of Trust were breached or what notices the Bank failed to provide. Because the Bank has submitted competent evidence that it provided the necessary notices, and Plaintiffs have failed to make a showing sufficient to establish a genuine dispute of material fact for trial, the Bank is entitled to summary judgment with respect to Plaintiffs' claim for breach of contract.

Likewise, the Bank is entitled to summary judgment with respect to Plaintiffs' claim for breach of the duty of good faith and fair dealing. (*See* Compl. ¶¶ 29-32.) Plaintiffs alleged that the Bank violated its duty of good faith "in scheduling a foreclosure auction in lieu of a Note modification on the property." (*Id.* ¶ 31.) Although the duty of good faith and fair dealing is implied in every contract, it "is derivative, in that it applies to the performance of specific contract obligations." *Johnson v. Yousoofian*, 930 P.2d 921, 925 (Wash. Ct. App. 1996). "If there is no contractual duty, there is nothing that must be performed in good faith." *Id.* The duty of good faith does not obligate a party to accept a material change in the terms of its contract. *Betchard-Clayton, Inc. v. King*, 707 P.2d 1361, 1363-64 (Wash. Ct. App. 1985); *Aventa Learning, Inc. v. K12, Inc.*, --- F. Supp. 2d ---, 2011 WL 5438960, at *12 (W.D. Wash. 2011). Accordingly, there is no

basis for Plaintiffs' claim that the Bank breached its duty of good faith by not modifying the note after default. The court grants the Bank's motion for summary judgment with respect to Plaintiffs' claim for a breach of the duty of good faith.

### E. Power of Sale Notice Requirements

Plaintiffs assert that the Bank failed to adhere to the notice requirements of Washington's Deed of Trust Act, RCW ch. 61.24, by failing to provide notice of the pending foreclosure auction at Plaintiffs' address at least 90 days before the sale. (Compl. ¶¶ 33-35.) As noted above, however, the Bank has submitted declarations verifying that it provided the notices required under Washington's Deed of Trust Act. (*See* Denn Decl.; Ayer Decl.; 1st Washington Decl.; 2nd Washington Decl.) Plaintiffs have submitted no evidence in opposition to create an issue of material fact. Accordingly, the court grants the Bank's motion for summary judgment with respect to this claim.

### F. Abuse of Process and Malicious Prosecution

Plaintiffs claim abuse of process and malicious prosecution based on allegations that the Bank "intentionally and wrongfully instituted the foreclosure action knowing that they [sic] failed to follow the requirements in the Deed of Trust and the foreclosure law of the State of Washington." (Compl. ¶ 37.)

In Washington, to maintain an action for malicious prosecution, a plaintiff must allege and prove the following elements: (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the

proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; (5) that the plaintiff suffered injury or damage as a result of the prosecution; (6) arrest or seizure of property and (7) special injury (meaning injury which would not necessarily result from similar causes of action). *Clark v. Baines*, 84 P.3d 245, 248-49 (Wash. 2004). Similarly, to prove a claim for abuse of process, a party must allege and prove (1) the existence of an ulterior purpose (to accomplish an objective not within the proper scope of process), and (2) an act in the use of legal process not proper in the regular prosecution of the proceedings. *Sea-Pac Co. v. United Food & Commercial Workers Local Union 44*, 699 P.2d 217, 220 (Wash. 1985).

The Bank has presented evidence that Plaintiffs were in default with respect to their mortgage,[4] that non-judicial foreclosure proceedings were instituted for that reason,[5] and that the appropriate notices were provided to Plaintiffs.[6] This evidence is contrary to elements two and three of the tort of malicious prosecution that there was want of probable cause for the institution or continuation of the prosecution and that the proceedings were instituted or continued through malice. The evidence is also contrary to the existence of an ulterior purpose with respect to a claim for abuse of process.

---

[4] (*See* Compl. ¶ 15 ("At some point in 2010 'Schwarz' fell behind in his mortgage payments.").)

[5] (*See* 1st Washington Decl. (regarding posting of notice of default).)

[6] (*See* Denn Decl.; Ayer Decl.; 1st Washington Decl.; 2nd Washington Decl.)

Plaintiffs submit no evidence upon which the court can conclude that there is a triable issue of fact with respect to these elements of these claims.

In addition, although Washington has not yet ruled on the issue, other courts have denied claims for malicious prosecution or abuse of process based on a non-judicial foreclosure proceeding because a non-judicial foreclosure does not constitute the type of legal action contemplated by such claims. *See, e.g.*, *Reynolds v. Wells Fargo Bank, N.A.*, No. 3:11-cv-0657-LRH-WGC, 2012 WL 135976, at *4 (D. Nev. Jan. 17, 2012) ("[T]he process at issue in this action is a nonjudicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim.") (citing *Smith v. Wachovia Mortg. Corp.*, No. C 09-01300 SI, 2009 WL 1948829, *5 (N.D. Cal. July 6, 2009) (ruling that because plaintiff alleged a non-judicial foreclosure process, and defendant had not taken any action pursuant to court authority, plaintiff had not stated a claim for abuse of process)); *Sain v. Geske*, No. 07-4203 (MJD/AJB), 2008 WL 2811166, at *10 (D. Minn. July 17, 2008) ("Because the foreclosure was accomplished without a lawsuit, [Plaintiff] fails to state a claim for malicious prosecution based on Defendants' actions related to the foreclosure."). Accordingly, for all of the above reasons, the court grants the Bank's motion for summary judgment with regard to Plaintiffs' claims for abuse of process and malicious prosecution.

**G. Fraud and Misrepresentation Claims**

Plaintiffs assert several claims for fraud, fraudulent concealment, fraudulent misrepresentation, and conspiracy to commit fraud. (Compl. ¶¶ 52-64.) Under Washington law, fraud or misrepresentation claims have nine necessary elements: (1) a

representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it; and (9) his consequent damage. *Kirkham v. Smith*, 23 P.3d 10, 13 (Wash. Ct. App. 2001). Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for allegations of fraud, requiring "more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations. . . .'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). The court has carefully reviewed Plaintiffs' various fraud and misrepresentation allegations and finds that they do not alleged the required nine elements of fraud and also do not meet the heightened pleading standards imposed by Rule 9(b).

In addition, the court finds that leave to amend with respect to these claims should not be granted because Plaintiffs' claims with respect to fraud and misrepresentation are barred by Washington's three-year statute of limitations. *See* RCW 4.16.080(4). Plaintiffs' fraud claims arise out of alleged misrepresentations in connection with the origination of the loan. (*See* Compl. ¶¶ 53-54, 59.) Plaintiffs executed the promissory note and deed of trust on November 11, 2006, and therefore knew the material terms of the loan as of this date. (*See* Gissendanner Decl. Exs. A, B.) Plaintiffs did not file this lawsuit until April 1, 2011, which exceeds the three-year statute of limitations as

calculated from the date the loan was executed. (*See* Compl. at 1 (date stamped April 1, 2011).)

The Bank has asserted, based on the foregoing, that Plaintiffs' claims arising out of allegations of fraud or misrepresentation are time-barred. (Mot. at 23.) Plaintiffs have raised no argument with respect to equitable tolling or any other bar to application of the statute of limitations in response to the Bank's argument. *See Arreola v. Wells Fargo Home Mortg.*, No. 10-cv-3272 WBS KJN (TEMP) PS, 2011 WL 1205249, at *3 (E.D. Cal. Mar. 29, 2011) (dismissing plaintiff's fraud claims arising out of alleged misrepresentations in connection with the origination of the loan under California's three-year statute of limitations where plaintiffs submitted "no argument in opposition to the bar of the statute of limitations or that would raise a plausible claim for equitable tolling"). Thus, the court must conclude that Plaintiffs' fraud-based claims are time barred, and the Bank is entitled to summary judgment with respect to these claims.

**H. Gross Negligence**

With respect to their claim for gross negligence, Plaintiffs have alleged that "[i]n carrying out the obligations under the Deed of Trust, [the Bank] owed Plaintiff a duty to act in good faith and fair dealing." (Compl. ¶ 23.) Under Washington's independent duty doctrine, "[a]n injury is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of the contract." *Eastwood v. Horse Harbor Found., Inc.*, 241 P.3d 1256, 1262 (Wash. 2010). If there is no independent duty arising outside of a party's contractual duties, there can be no tort remedy. *Id.* Here, Plaintiffs have failed to allege any independent duty that the Bank owed to Plaintiffs outside the

terms of the Promissory Note and Deed of Trust. (*See* Compl. ¶ 23.) Indeed, Plaintiffs expressly allege that the Banks obligations arose out of the Deed of Trust and the implied duty of good faith that is in every contract. Such a claim is barred by Washington's independent duty doctrine, and accordingly, the Bank is entitled to summary judgment.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS the Bank's motion for summary judgment in its entirety (Dkt. # 11).[7]

Dated this 23rd day of March, 2012.

JAMES L. ROBART
United States District Judge

---

[7] Because the court has found that summary judgment is appropriate with respect to all of Plaintiffs' state law claims, the court does not need to reach the Bank's argument that Plaintiffs' state law claims are preempted under the Home Owners' Loan Act, 12 U.S.C. §§ 1461 *et seq.*, and regulations promulgated by the OTS (*see* Mot. at 9-17) and declines to do so.

ORDER- 15